IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

WILLIAM DOUGLAS MARTIN                                                    PLAINTIFF

v.                                    Civil No. 2:21-CV-02108

LARRY BOGGS                                                               DEFENDANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed pursuant to 42 U.S.C. § 1983.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2011), the Honorable P. K. Holmes, III, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before the Court is Plaintiff's failure to obey a Court Order and failure to prosecute this case.

Plaintiff filed his Complaint on June 4, 2021.  (ECF No. 1).  On July 23, 2021, the summons to Defendant was returned unexecuted, indicating the certified mail had been returned refused.  (ECF No. 8).  On July 26, 2021, the Court entered an Order directing Plaintiff to provide an address by August 16, 202, to serve Defendant Boggs.  (ECF No. 9).  In the Order, Plaintiff was advised that failure to provide the information by the deadline would result in the dismissal of Defendant Boggs from the case.  (*Id*.).  To date, Plaintiff has failed to provide any additional service information for Defendant Boggs, the sole named Defendant in this case, and has not otherwise communicated with the Court.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law.  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).  The local rules state in pertinent part:

1

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Finally, while plaintiffs proceeding IFP are entitled to rely on the United States Marshal Service to serve summons, an IFP Plaintiff is ultimately responsible for providing the Court with a proper address for service. *See Mack v. Dillon*, 594 F.3d 620, 622 (8th Cir. 2010) (citing *Rance v. Rocksolid Granit USA, Inc.,* 583 F.3d 1284, 1286-88, n. 3 (11th Cir. 2009)); *Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993).

Plaintiff has failed to comply with a Court Order and provide a correct service address for the sole Defendant in the case. Plaintiff has failed to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

Accordingly, it is recommended that Plaintiff's Complaint (ECF No. 1) be DISMISSED WITHOUT PREJUDICE.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 24th day of September 2021.

/s/ *Mark E. Ford*

HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE